IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JOHN ESCOVEDO                                                                                    PLAINTIFF
ADC # 178572

v.                                          2:23CV00204-BSM-JTK

PEARCY ARNOLD, et al.                                                                      DEFENDANTS

## ORDER

John Escovedo ("Plaintiff") is in custody at the Delta Regional Unit of the Arkansas Division of Correction ("ADC"). Plaintiff filed a pro se complaint pursuant to 42 U.S.C. § 1983 against Warden Tommy Hurst and Chief of Security Pearcy Arnold (collectively, "Defendants"). (Doc. No. 2 at 1-2). He also filed a Motion to Proceed in forma pauperis, which was granted. (Doc. Nos. 1, 3). The Court must screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute.

**I.      Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**II.    Discussion**

    **A.    Plaintiff's Complaint**

Plaintiff sued Defendants in their personal and official capacities. (Doc. No. 2 at 2). He alleges that Defendants failed to protect him from an attack by other inmates. (Id. at 4). Plaintiff explains that on February 2, 2022, two inmates used padlocks to beat him, a sex offender, resulting in contusions and lacerations. (Id.). Plaintiff asserts Defendants failed to inspect the locking mechanism on the locks and failed to ensure the locks were properly secured. (Id. at 4, 6). Plaintiff later says "[t]he person in question is a jail house porter and did not really . . . get into trouble that much . . . ." (Id. at 7). Plaintiff seeks damages and injunctive relief. (Id. at 4).

As explained below, Plaintiff's Complaint as currently pled fails to state a claim on which relief may be granted. Plaintiff will be given the opportunity to file an Amended Complaint to cure the defects in his pleading.

    **B.    Official Capacity Claims Under 42 U.S.C. § 1983**

Plaintiff sued Defendants in their official capacities. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Plaintiff's

official capacity claims, then, are the equivalent of claims against the State of Arkansas. Plaintiff's claims for damages against Defendants in their official capacities are barred by the Eleventh Amendment.

### C.	Personal Capacity Claims Under 42 U.S.C. § 1983

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

The Court of Appeals for the Eighth Circuit considered failure to protect in the context of inmate-on-inmate assault in Vandevender v. Sass, 970 F.3d 972, 975-76 (8th Cir. 2020). The Court explained that "[a] prison official "violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates." Id. at 975 (internal citation omitted).

A failure to protect claim "has an objective component, whether there was a substantial risk of serious harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk." (Id.). For a defendant to be found liable, "'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

To establish deliberate indifference in failing to protect from assault by another inmate, a plaintiff "'must show that he was faced with a pervasive risk of harm and that the prison officials failed to respond reasonably to that risk.'" Id. at 977 (internal citation omitted). The Court of Appeals for the Eighth Circuit has stated that

> a "pervasive risk of harm" may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror in the particular institution. It is enough that violence and sexual assaults occur with sufficient frequency that prisoners are put in reasonable fear for their safety and to reasonably apprise prison officials of the existence of the problem and the need for protective measures.

Id.

In Vandevender v. Sass, the Court of Appeals for the Eighth Circuit considered whether wooden boards stored in unsecured shelves in an industry area presented a substantial risk of serious harm to inmates where such a board had been used in an inmate-on-inmate attack. 970 F.3d at 976. Ultimately, the Court found that, considering the legitimate use of the boards in the industry area and the surprise nature of the attack, there was no violation. Id. at 978.

Here, Plaintiff has not alleged that his two attackers were known to be volatile or violent or that he had warned any Defendant that he was at a risk of harm from an attack by the inmates. Further, Plaintiff also has not alleged that padlocks had been used in any other attack. Additionally, it appears that the porter responsible for the area was disciplined for his acts or omissions in connection with the padlocks, though not severely enough disciplined in Plaintiff's opinion. (Doc. No. 2 at 7). As currently pled, Plaintiff's Complaint fails to sufficiently allege a violation. And even if a violation was alleged, Defendants would be entitled to qualified immunity considering the current allegations. See Vandender, 970 F.3d 972, 975-978.

Plaintiff will be given the opportunity to submit an Amended Complaint to cure the defects in his pleading.

### D. Superseding Amended Complaint

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect.[1] Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I will recommend that his Original Complaint be dismissed. See 28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2).

### III. Conclusion

IT IS, THEREFORE, ORDERED that:

1. If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order. If Plaintiff does not submit an Amended Complaint, I will recommend that his Original Complaint be dismissed. See 28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2).

2. The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

Dated this 23rd day of October, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE