IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JOHN ESCOVEDO                                                                                          PLAINTIFF
ADC # 178572

v.                                          2:23CV00204-BSM-JTK

PEARCY ARNOLD, et al.                                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.      Introduction**

John Escovedo ("Plaintiff") is incarcerated at the Delta Regional Unit of the Arkansas Division of Correction ("ADC"). Plaintiff sued Delta Unit Warden Thomas Hurst and Chief of Security Percy Arnold (collectively, "Defendants") alleging violations of his constitutionally protected rights. (Doc. Nos. 2, 5).

Defendants have filed a Motion for Summary Judgment on the issue of exhaustion, Brief in Support, and Statement of Facts. (Doc. Nos. 19-21). On April 30, 2024, the Court directed Plaintiff to respond to Defendants' Motion within thirty (30) days, or by May 30, 2024. (Doc.

No. 22).  The Court advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action without prejudice for failure to prosecute.  (Id.)  To date, Plaintiff has not filed a response.

After careful consideration of the record before me, and for the reasons explained below, I recommend Defendants' Motion be granted.

## II.     Plaintiff's Claims

Plaintiff's failure to protect claims against Defendants remain pending.  (Doc. No. 5). More specifically, Plaintiff alleges Defendants failed to ensure padlocks were properly secured to beds, resulting in Plaintiff being assaulted with a padlock and being seriously injured.  (Id. at 4-5).

## III.    Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary

2

judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

## IV. Analysis

Defendants argue that Plaintiff failed to exhaust his claims against them. (Doc. No. 32).

According to the Prison Litigation Reform Act ("PLRA"),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023,

1025 (8th Cir. 2000)).  In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court….If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).  Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

As an initial matter, the Court notes that Plaintiff has not filed a response to Defendants' Motion.  He has not controverted any material fact set forth by Defendants in their statement of undisputed material facts.  Accordingly, all material facts submitted by Defendants (Doc. No. 21) are deemed admitted.  Local Rule 56.1(c); FED. R. CIV. P. 56(e).

At the time of the incidents giving rise to this lawsuit, the ADC had in place a grievance procedure, Administrative Directive ("AD") 19-34.  (Doc. No. 19-1 at ¶ 4; Doc. No. 19-6).  Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance.  (Doc. No. 19-6 at 1-2.)  This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the occurrence of the incident.  (Id. at 6.)  The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form."  (Id.)  Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form.  (Id. at 9.)  The warden or his designee must provide a written response within twenty working days of receipt.  (Id. at 11.)  If dissatisfied with the response, the inmate may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director.  (Id.

4

at 12.)  The Chief Deputy/Deputy/Assistant Director must provide a written response within thirty working days.  (Doc. No. 19-6 at 13.)  "A [written] decision or rejection of an appeal at this level is the end of the grievance process."  (Id.)  Administrative Directive 19-34 includes the following warning:

> A Grievance must specifically name each individual involved in order that a proper investigation and response may be completed.  An inmate must fully exhaust the grievance procedure as a prerequisite to pursuing any legal action related to the subject matter of the grievance.  All inmates are hereby advised that the Division reserves the right to raise any and all defenses, including the failure to exhaust the grievance procedure, as to any claim which may have been subject to the grievance procedure and as to any person or entity.
>
> An inmate who fails to name all parties during the grievance process may have his or her lawsuit or claim dismissed   by the court or commission for failure to exhaust against all parties.

(*Id*. at 5.)

In support of their Motion, Defendants submitted the Declaration of Terri Grigsby-Brown.  (Doc. No. 19-1).  According to Ms. Grigsby-Brown, she reviewed Plaintiff's grievance records.  (Id. ¶ 29).  Ms. Grigsby-Brown declared under penalty of perjury that her office has no record of Plaintiff exhausting any grievance against Defendants relevant to his claims in this lawsuit.  (Id. ¶ 41).  Specifically, Plaintiff named neither Defendant in any of the three grievances he filed that are related to this lawsuit.  (Doc. Nos. 19-3, 19-4, 19-5).  Plaintiff has not contested this assertion.  The Court has reviewed the grievances and agrees that Plaintiff failed to exhaust his administrative remedies in this case through either of the grievances.  (Id.).

Plaintiff did not meet proof with proof to establish facts in dispute that would preclude summary judgment in Defendants' favor.   Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof

5

with proof in affirming summary judgment in defendant's favor). As such, the Court finds Plaintiff did not exhaust his claims against Defendants. Accordingly, the Court recommends Defendants' Motion for Summary Judgment be granted and Plaintiff's claims against Defendants be dismissed without prejudice.

If the Court adopts this Recommendation, all of Plaintiff's claims will have been dismissed. As such, the Court will also recommend that this case be dismissed.

**V.      Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment on the issue of exhaustion (Doc. No. 19) be GRANTED.

2. Plaintiff's claims against Defendants be DISMISSED without prejudice for failure to exhaust administrative remedies.

3. Plaintiff's Complaint, as amended (Doc. No. 5) be DISMISSED.

Dated this 31st day of May, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE